In an action to recover installments claimed to be due under an alleged agreement between the parties, order granting summary judgment in favor of plaintiff affirmed, without costs. No opinion. Johnston, Acting P. J., Adel, Sneed and MaeCrate, JJ., concur; Wenzel, J., dissents and votes to reverse the order and to deny plaintiff’s motion for summary judgment, with the following memorandum: The agreement between the parties was “for the support, care and maintenance of the Plaintiff and said Joyce Sommer, the infant daughter of the parties ”. While the agreement further provided that if and when the infant daughter should “ marry, secure employment, become gainfully employed on her own account, or earn or be able to earn her own livelihood in whole or in part ” or if the said infant “ should leave the Plaintiff or refuse to reside with her” or “ if the said Joyce Sommer shall reside elsewhere than with the plaintiff ”, “ the defendant shall still be required * * * to pay * * * the sum of Sixteen ($16.00) Dollars per week for the term of her natural life”, and further that this sum should be paid “ under any and all circumstances ”, there was implicit in this agreement (which was not for the benefit of the mother alone but of the infant daughter as well) an agreement on the part of the mother to give to the daughter the protection, the guidance, the spiritual and moral support expected from a mother in the custody of a young female child. However, subsequently to the making of the agreement, the Supreme Court removed this child from the custody of the mother because it found her to be an unfit guardian and gave her custody to the father. None of the events detailed in the agreement took place. The daughter did not voluntarily leave the mother, or refuse to live with her. She did not marry, and she did not become self-supporting. The happening of any of these events would not have prevented the mother from exercising the benign influence of a good mother over a loving child. While the agreement states that the mother should receive the amount fixed “ under any and all circumstances ”, there was also the tacit requirement on her part to be a mother to her daughter. The careful itemization of the various instances in which the mother was to receive the full amount specified is indicative of what was meant by “ any and all circumstances ”. When the father felt compelled to have the child removed from the custody of her mother, he was under the necessity of providing again for her maintenance, already contemplated in the provision of the agreement. Had the child married or become self-supporting, he would have been relieved of her support. Therefore, a question of fact existed as to whether the plaintiff breached the agreement.